# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7338 | **DATE** | July 15, 2002 |
| **CASE TITLE** | Circle Group v. Atlas Pearlman, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendants' motion to dismiss [ ] is granted in part to the extent that venue is transferred to the Southern District of Florida. ENTER MEMORANDUM OPINION. [6-1]

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| X | Notices MAILED by judge's staff. | | JUL 1 6 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 19 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to | | | | |
| KAM | courtroom deputy's initials | | date mailed notice | | |
| | | | KAM | | |
| | | | mailing deputy initials | | |

U.S. DISTRICT COURT
CLERK

02 JUL 15 PM 4: 23

FILED-EB TO

Date/time received in central Clerk's Office

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CIRCLE GROUP INTERNET, INC.,        )
                                    )
            Plaintiff,              )
                                    )
        v.                          )    No. 01 C 7338
                                    )
ATLAS, PEARLMAN, TROP & BORKSON,    )
P.A., ROXANNE K. BEILLY, CHARLES    )
B. PEARLMAN, and ELLA CHESNUTT,     )
                                    )
            Defendants.             )

**DOCKETED**

**JUL 1 6 2002**

**MEMORANDUM OPINION**

Before the court is defendants' motion to dismiss the complaint. For the following reasons, the motion is granted in part.

**BACKGROUND**

Plaintiff Circle Group Internet, Inc. ("Circle Group") brings this legal malpractice action against the law firm of Atlas, Pearlman, Trop & Borkson, now known as Atlas, Pearlman P.A. ("Atlas Pearlman"), Atlas Pearlman attorneys Roxanne K. Beilly and Charles B. Pearlman, and Atlas Pearlman paralegal Ella Chesnutt. Circle Group alleges that defendants were negligent with regard to the filing of an SB-2 registration statement with the Securities

Exchange Commission (the "SEC")[1] and the application for a listing on the NASDAQ stock market on behalf of Circle Group. Circle Group claims that the "vast majority" of legal services rendered by Atlas Pearlman in regard to the registration statement were performed by Chesnutt without necessary or appropriate supervision by attorneys and without Circle Group's knowledge. According to Circle Group, Chesnutt "practiced law before the SEC[] and made filings with the SEC in violation of applicable SEC regulations." (Complaint, ¶ 24.) The complaint alleges that defendants made other mistakes with regard to the SB-2 registration statement filing and the application for a NASDAQ listing, causing an unnecessary delay in the SEC's approval of Circle Group's registration statement (id., ¶ 36) and the loss of "the opportunity to conduct a public offering at the height of a boom market" (id., ¶ 38). Moreover, Circle Group maintains that as a result of defendants' negligence, the Enforcement Division of the SEC undertook an investigation and action against Circle Group, causing "substantial unnecessary costs and expenses." (Id., ¶ 39.)

Plaintiffs originally filed this action in the Circuit Court of Lake County, Illinois. Defendants thereafter removed the action to this court, asserting the existence of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants now move to

---

[1] "Form SB-2 is a document that registers . . . securities with the SEC, and is filed prior to the sale of the securities." Brinker Capital Holdings, Inc. v. Imagex Servs., Inc., 178 F.R.D. 380, 383 (N.D.N.Y. 1998).

dismiss the complaint on four grounds: (1) lack of personal jurisdiction; (2) the existence of a forum selection clause in the parties' Retainer Agreements; (3) improper venue; and (4) failure to state a claim for legal malpractice. Defendants also present a forum non conveniens argument and move in the alternative to transfer this action to the Southern District of Florida.

## DISCUSSION

When confronted with a challenge to both personal jurisdiction and venue, ordinarily a court will first consider the jurisdiction issue. However, this is not a strict rule:

> [N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court . . . . Accordingly, when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue.

Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979) (citations omitted). In this case, resolution of the venue issue will obviate the need to decide the personal jurisdiction issue, which is somewhat complicated because there are multiple defendants. Therefore, we will consider venue first.

Two provisions of the Judicial Code govern the transfer of venue. First, 28 U.S.C. § 1406(a) authorizes a court to transfer a case when that case is brought in a district in which venue does not lie: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if

it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1404(a) authorizes transfer when the case is originally brought in a proper venue: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under either § 1406(a) or § 1404(a), the court need not have personal jurisdiction over the defendants in order to authorize a transfer. See Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986).

Transfer of venue under § 1406(a) is proper if venue does not lie in the original forum. The first issue, then, is whether venue is proper here in the Northern District of Illinois. A diversity case may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). When a defendant challenges venue, the plaintiff bears the burden of proving that venue is proper. See First Health Group Corp. v. Sanderson Farms, Inc., No. 99 C 2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 31, 2000).

Circle Group contends that venue is proper under §
1391(a)(2).[2] The question is not which district constitutes the
"best" venue, but rather whether the district chosen by the
plaintiff has a substantial connection to the claim, whether or not
other forums have greater contacts. See Magnum Feeders, Inc. v.
Bloedorn, No. 95 C 2012, 1995 WL 743747, at *4 (N.D. Ill. Dec. 12,
1995) (citing Setco Enters. v. Robbins, 19 F.3d 1278, 1281 (8th
Cir. 1994)). "The test for determining venue is not the
defendant's 'contacts' with a particular district, but rather the
location of those 'events or omissions giving rise to the claim.'"
Id. (quoting Cottman Transmission Sys., Inc. v. Martino, 36 F.3d
291, 294 (3d Cir. 1994)).

Circle Group maintains that "[t]he legal advice rendered . .
. occurred in Illinois by letter, person and phone calls as well as
e-mails. Document signatures were obtained in Illinois. Retainer
agreements were executed in Illinois. Bills amounting to many
thousands of dollars in legal fees and costs were sent to
Illinois." (Plaintiff's Response at 12.) Circle Group's Chairman
and CEO, Greg Halpern, attests that Beilly and Pearlman traveled to

---

[2] Circle Group does not contend that venue would be proper under §
1391(a)(1) or (a)(3). Section 1391(a)(1) would not apply here because all
defendants do not reside in the same state; Pearlman and Beilly are Florida
residents, and Chesnutt is a Maryland resident. (We need not decide what Atlas
Pearlman's residency would be.) Similarly, Circle Group does not argue that
venue would be proper here under § 1391(a)(3). It would have to show both that
any defendant was subject to personal jurisdiction here when the action was
commenced and that there is no other district in which the action could be
brought. As for the latter showing, while Circle Group contests defendants'
assertion that the Southern District of Florida would be a more convenient venue,
it does not contest defendants' assertion that venue would be proper there.

Illinois once in September 1999 to meet with Circle Group personnel and "provide legal advice and assistance" on the "issues now being dealt with in the Complaint," and that Beilly and Pearlman billed 16 hours in relation to this trip. (Id., Ex. 1, Affidavit of Greg Halpern, ¶ 19.) Plaintiff presents evidence that Beilly had traveled to Illinois another time, in January 1999, in relation to Atlas Pearlman's work for Circle Group. (Id., Exs. 3 & 4, Affidavits of Dana Dabney and Mary Schmidtke.) Halpern also points out that defendants frequently called plaintiff and sent plaintiff many e-mails, documents, and bills. (Id., Ex. 1, Affidavit of Greg Halpern, ¶¶ 5-10.)

Defendants, on the other hand, argue that a "substantial part" of the alleged negligent acts or omissions giving rise to Circle Group's claim did not occur in Illinois: "All of the alleged negligent acts or omissions occurred while Defendants performed their legal services for Plaintiff--generally in Atlas, Pearlman's law office in Fort Lauderdale, Florida. No substantive legal services were ever performed in Illinois." (Defendants' Reply at 12.) Pearlman, Beilly, and Chesnutt all state that none of their substantive legal work for Circle Group occurred in Illinois--it was performed mostly at Atlas Pearlman's offices in Florida and partly by Chesnutt in Maryland. (Defendants' Memorandum, Exs. A, B, & C, Affidavits of Charles B. Pearlman, Roxanne K. Beilly, and Ella Chesnutt.) Defendants point out that the meetings in Illinois

were short--2 hours and 5 hours, respectively--and characterize
them as "incidental" to Atlas Pearlman's representation of Circle
Group.  (Id. at 15; Ex. B, Affidavit of Roxanne K. Beilly, ¶ 10.)

We conclude that Circle Group has failed to establish that a
substantial part of the alleged acts of professional malpractice
took place in Illinois.  The complaint alleges that defendants
performed inadequate legal work, gave inaccurate legal advice, and
that Atlas Pearlman, Beilly, and Pearlman failed to adequately
supervise Chesnutt and allowed her to perform work she was neither
licensed to do nor capable of doing.  Defendants attest that the
substantial part of these alleged acts and omissions occurred
either in Florida, where Atlas Pearlman's offices are located, or
in Maryland, where Chesnutt lives and works, but not in Illinois.
Plaintiff does not present any evidence to the contrary.  The two
meetings in Illinois, and defendants' communications with Circle
Group by telephone, fax, mail, and e-mail, are more tangential than
substantial and are thus insufficient to establish venue here.
Defendants' legal work during the period alleged in the complaint--
February 1998 through December 1999--constitutes the acts or
omissions giving rise to the malpractice claim, and that work
occurred primarily in Florida, where the attorneys doing the work
were located.  Because a substantial part of the events giving rise
to plaintiff's claim did not occur in the Northern District of
Illinois, venue is not proper here.  See, e.g., Henshell Corp. v.

Childerston, No. CIV. A. 99-2972, 1999 WL 549027, at *4 (E.D. Pa. July 28, 1999) (venue improper where few of the acts or omissions giving rise to plaintiff's legal malpractice claim occurred in the district); Jordache Enters. v. Brobeck, Phleger & Harrison, No. 92 Civ. 9002 (KMW), 1994 WL 74860, at *4 (S.D.N.Y. Mar. 7, 1994) (venue improper where plaintiff failed to show that substantial portion of alleged acts of legal malpractice occurred in the district). The case should be transferred to the Southern District of Florida, a proper venue, pursuant to 28 U.S.C. § 1406(a). Having decided to transfer this case because venue is improper here, we need not address the other grounds raised by defendants in support of their motion.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, or in the alternative, to transfer venue, is granted in part to the extent that venue is transferred to the Southern District of Florida.

DATE:        July 15, 2002

ENTER:       _____

John F. Grady, United States District Judge